An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1109

Filed 17 June 2026

Henderson County, Nos. 23JA000109-440, 23JA000110-440, 23JA000111-400

IN THE MATTER OF:
C.M., K.L.M., C.L.

Appeal by Respondent from judgment entered 18 August 2025 by Judge Kimberly G. Justice in Henderson County District Court. Heard in the Court of Appeals 21 May 2026.

*Attorney Patricia M. Propheter, for Respondent–Appellant Mother.*

*Assistant Henderson County Attorney Susan F. Davis, for Petitioner–Appellee Henderson County Department of Social Services.*

*Administrative Office of the Courts, by N.C. Guardian ad Litem Staff Attorney Michelle FormyDuval Lynch, for Appellee Guardian ad Litem.*

MURRY, Judge.

Respondent (Mother) appeals from the trial court's order terminating her parental rights to her three children, C.M. (Conner), K.L.M. (Kyle), and C.L. (Catherine).[1] On appeal, Mother does not challenge the trial court's conclusions that

---

[1] In accordance with North Carolina Rule of Appellate Procedure 42(b), we refer to the minor children by pseudonyms to protect their identities. *See* N.C. R. App. P. 42(b).

grounds existed to terminate her parental rights and that termination was in her children's best interests. Instead, she argues that the trial court erred by denying her counsel's oral motion for a continuance where Mother was not present at the termination hearing and that she received ineffective assistance of counsel. For the following reasons, this Court affirms the trial court's order terminating Mother's parental rights and dismisses her ineffective-assistance-of-counsel claim.

## I.    Background

This matter arises out of a petition to terminate Mother's parental rights to her three minor children, Conner, Kyle, and Catherine, filed by the Henderson County Department of Social Services (HCDSS). HCDSS began working with Mother in July 2023 based on concerns that she and her boyfriend were abusing drugs while caring for the children. HCDSS asked Mother to submit to three drug screens. She tested positive for fentanyl on 19 July 2023, refused testing on 13 September 2023, and tested positive for both fentanyl and marijuana on 19 September 2023. On 6 November 2023, HCDSS received a report that Mother had threatened to kill herself in the presence of the children. After an investigation, HCDSS filed a petition on 23 November 2023 alleging the children were neglected juveniles under N.C.G.S. § 7B-101(15). The trial court placed them in the non-secure custody of HCDSS that same day, which temporarily placed them with relatives. On 25 January 2024, the trial court adjudicated the minor children neglected juveniles based upon Mother's

consent.[2] In the resulting consent adjudication orders, Mother stipulated to the drug-test results and suicidal ideation as described.[3]

That same day, the trial court entered disposition orders requiring Mother to "follow and successfully complete all the recommendation[s] of the assessment," "[s]ubmit to random drug screens," "[c]omplete parenting classes," "cooperate with and pay Child Support," "obtain stable income . . . sufficient to meet the family's basic needs," "[o]btain and maintain a safe and appropriate residence for the juveniles," and "maintain face-to-face contact with the Social Worker" for her "to achieve reunification." Through a series of permanency-planning review hearings over the next year, the trial court changed the permanent plan from reunification to adoption pending the termination of Mother's parental rights.

On 11 March 2025, HCDSS filed a petition to terminate Mother's parental rights. At the outset of the termination hearing, Mother did not appear, and her counsel moved for a continuance as follows:

> Out of abundance of caution, I am going to make a motion to continue. [Mother] was present [at the trial court] this morning. I did speak with her. I did tell her to come back at 2:00 . . . . She indicated that she had a meeting with Section 8 at 3:00 . . . and she was going to try to do it during lunch so that we didn't have a time constraint with [indiscernible]. I have tried to call her, text her, email her.

The trial court denied the motion and proceeded with the hearing in Mother's

---

[2]    Each minor child's respective father is deceased.

[3]    The trial court entered identical adjudication and disposition orders for each child.

absence. During the hearing, Mother's counsel informed the trial court that Mother had contacted her stating that she was "having some car trouble," but that "she understood" the hearing was "proceeding without her." Following the hearing, the trial court entered an order terminating Mother's parental rights, finding in relevant part that Mother consistently failed to "participat[e] in medication management[,] . . . therapy[,] . . . [or] peer support"; failed or avoided fifteen "drug screens requested by HCDSS"; and was arrested on multiple occasions since the initial disposition order "for Possession of Methamphetamines and Drug Paraphernalia" and "for Felony Possession of a Schedule II Controlled Substance and Drug Paraphernalia." The trial court concluded that grounds existed to terminate Mother's parental rights under N.C.G.S. § 7B-1111(a)(1)–(3) and that termination was in the children's best interests. Mother timely appealed.

## II.    Jurisdiction

This Court has jurisdiction to hear Mother's appeal because the trial court's "order . . . terminate[s her] parental rights." N.C.G.S. § 7B-1001(a)(7) (2025).

## III.    Analysis

On appeal, Mother does not challenge the trial court's conclusions that grounds existed to terminate her parental rights and that termination was in her children's best interests. Instead, she argues that this Court should "vacate[ ] . . . and remand[ ]" the termination order "for a full and fair trial" because the trial court erred in denying her counsel's motion to continue. Mother also claims that she received

ineffective assistance of counsel. For the following reasons, we disagree on both counts and affirm the trial court's order.

## A. Motion to Continue

Mother first argues that the trial court's denial of her motion to continue violated her due-process rights because she "was present at the courthouse on the morning of trial, advised her attorney that she had an important meeting to attend with Section 8 Housing that afternoon, but would try to get it done over lunch so she could be on time for the trial that afternoon, but then was delayed due to car trouble." For the following reasons, we hold that the trial court did not abuse its discretion in denying her motion.

At the outset, Mother's counsel failed to assert that "a continuance was necessary to protect a constitutional right." *In re A.M.C.*, 381 N.C. 719, 723 (2022). Because Mother did not move for a continuance on constitutional grounds, she has waived appellate review of that issue, and this Court is "constrained to review the trial court's denial of a motion to continue for abuse of discretion." *In re S.M.*, 375 N.C. 673, 679 (2020); *see In re J.E.*, 377 N.C. 285, 290 (2021) (holding that a continuance motion based on parental absence is not constitutional grounds); N.C. R. App. P. 10(a)(1). A trial court abuses its discretion by entering a ruling that "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re C.A.D.*, 298 N.C. App. 1, 4 (2025) (quotation omitted). "Moreover, regardless of whether the motion raises a constitutional issue or

not, a denial of a motion to continue is only grounds for a new trial when the respondent shows both that the denial was erroneous, and that she suffered prejudice as a result of the error." *In re A.L.S.*, 374 N.C. 515, 517 (2020) (citation modified).

Under our Juvenile Code, a trial court may grant a "continuance[ ] that extend[s] beyond [ninety] days after the initial petition . . . only in extraordinary circumstances when necessary for the proper administration of justice." N.C.G.S. § 7B-1109(b). Because our trial courts disfavor continuances as a matter of public policy, movants have "the burden of showing sufficient grounds for" them. *C.A.D.*, 298 N.C. App. at 4. Thus, for the trial court to grant a continuance of a termination proceeding beyond ninety days from the date of the initial petition, the movant must show "extraordinary circumstances for the continuance and its necessity for the proper administration of justice." *S.M.*, 375 N.C. at 681.

Because Mother moved for a continuance 121 days after HCDSS filed its petition, the trial court could only grant it in the event of "extraordinary circumstances." *Id*. When making the oral motion, Mother's counsel represented that Mother knew of the hearing date and had visited the courthouse earlier that day but left for "a meeting with Section 8." Although not required, Mother's counsel neither presented supporting evidence nor argued that Mother planned to testify to the contrary. *Contra State v. Cody*, 135 N.C. App. 722, 726 (1999) (deeming filing of supporting affidavit to be "the better practice to support a motion for continuance"). But given the representations to the trial court and the record before us here, Mother

cannot show how the circumstances leading to her absence were "extraordinary" such that the trial court abused its discretion by denying her continuance. *See In re D.W.*, 202 N.C. App. 624, 627 (2010) (declining to hold that "parental absence, without more, constitutes extraordinary circumstances necessitating a continuance"). Because the trial court did not abuse its discretion by denying Mother's motion to continue, we affirm the denial.

Even assuming *arguendo* that Mother had demonstrated extraordinary circumstances and that the trial court had erred by denying her motion to continue, Mother nonetheless fails to show prejudice. *See In re C.A.B.*, 381 N.C. 105, 125 (2022). Mother's absence from the termination hearing, standing alone, is not per se prejudicial. *See J.E.*, 377 N.C. at 290 ("A parent's absence from termination proceedings does not itself amount to a violation of due process."). Mother's counsel never represented to the trial court that Mother intended to testify, much less provide an offer of proof "demonstrating the significance" of any such testimony. *A.L.S.*, 374 N.C. at 518 (citation modified); *see In re C.C.G.*, 380 N.C. 23, 27 (2022) (holding no prejudice where the "respondent's counsel neither indicated [that the] respondent intended to testify nor provided an affidavit or offer of proof of [the] respondent's potential testimony"). Likewise, on appeal, Mother identifies no specific testimony or evidence that her absence prevented her from presenting, nor does she explain how her presence would have changed the outcome of the proceeding. *See In re H.A.J.*, 377 N.C. 43, 37 (2021) (concluding no prejudice where respondent–parent "has not

demonstrated how her case would have been better prepared, or a different result obtained, had a continuance been granted"). Thus, this Court affirms the trial court's denial of her motion to continue.

## B. Ineffective Assistance of Counsel

Mother next argues that her counsel's performance was constitutionally ineffective because her counsel "failed" to "make any argument whatsoever," "put on any evidence or testimony in either phase of the trial, . . . ask any questions on direct or cross[-]exam[ination], . . . make any objections," or "make an opening or closing argument on behalf of Mother." We disagree and dismiss Mother's ineffective-assistance-of-counsel claim.

A parent in a termination proceeding has a statutory right to counsel that "encompasses the right to effective assistance from that counsel." *In re N.N.*, 296 N.C. App. 159, 169 (2014); *see* N.C.G.S. § 7B-1101.1(a). To prevail on a claim of ineffective assistance of counsel, a parent must "demonstrat[e] that (1) counsel's performance was deficient; *and* (2) such deficient performance by counsel was so severe as to deprive [her] of a fair hearing." *In re Z.M.T.*, 379 N.C. 44, 48 (2021). To show deprivation of a fair hearing, the parent show "a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *State v. Braswell*, 312 N.C. 553, 563 (1985)—*i.e.*, "prejudice," *N.N.*, 296 N.C. App. at 169. We often resolve "claims of ineffective assistance of counsel on the [parent's] failure to show prejudice." *In re B.B.*, 381 N.C. 343, 358 (2022). Absent any "reasonable

probability that in the absence of counsel's alleged errors the result of the proceeding would have been different," we decline to assess "whether counsel's performance was actually deficient." *In re L.N.H.*, 382 N.C. 536, 541–42 (2022) (quoting *Braswell*, 312 N.C. at 563).

We "strong[ly] presum[e] that counsel's conduct falls within the range of reasonable professional assistance," *id.* (quotation omitted), so as to "giv[e] counsel wide latitude in matters of strategy," *State v. Goss*, 361 N.C. 610, 623 (2007). While an attorney must "advocate on behalf of [he]r clients," *In re S.N.W.*, 204 N.C. App. 556, 560 (2010), her "failure to advocate [there]for [doe]s not necessarily indicat[e] ineffective assistance," *In re C.D.H.*, 265 N.C. App. 609, 613 (2019) (ellipses omitted). "[S]uch a choice . . . may be the result of strategy or because 'resourceful preparation reveal[ed] nothing positive to be said for' the respondent-parent in a particular hearing." *N.N.*, 296 N.C. App. at 170 (quoting *C.D.H.*, 265 N.C. App. at 613). A respondent correspondingly bears a "heavy" "burden to show that counsel's performance fell short of the required standard." *L.N.H.*, 382 N.C. at 539.

Here, Mother asserts that her counsel "failed to make any argument whatsoever . . . despite making a half-hearted attempt to request" a continuance. But she also argues that "the trial court erred in denying [her] oral motion to continue." Either Mother's counsel moved for a continuance and the trial court erred in denying it or her counsel rendered ineffective assistance by failing to make the motion. But Mother cannot frame her counsel's action as both a legally sufficient motion to

continue and "half-hearted attempt" at making one.

Regardless, any logical inconsistencies are immaterial because Mother fails to demonstrate prejudice. Assuming *arguendo* the deficiency of counsel's performance, Mother cannot prevail on her ineffective-assistance-of-counsel claim because she fails to show "that, but for counsel's errors, there would have been a different result in the proceedings." *L.N.H.*, 382 N.C. at 541; *see B.B.*, 381 N.C. at 359 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Because Mother does not challenge any of the trial court's findings of fact or conclusions of law regarding grounds for termination under N.C.G.S. § 7B-1111(a) of that termination was in her children's best interest, we "deem[ ]" all of the trial court's unchallenged findings of fact "supported by competent evidence and . . . binding on appeal." *In re T.N.H.*, 372 N.C. 403, 407 (2019). Based on our review of the unchallenged findings of fact and conclusions of law, Mother fails to demonstrate a reasonable possibility of a different result. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (requiring consideration of the "totality of the evidence," including trial court's "factual findings . . . unaffected by the errors" and "the effect of the errors on the remaining findings"); *In re J.A.A.*, 175 N.C. App. 66, 74 (2005) (rejecting respondent's ineffective-assistance-of-counsel claim where she failed to show prejudice where "the record contain[ed] overwhelming evidence supporting termination"). Thus, we dismiss Mother's ineffective-assistance-of-counsel claim.

## IV.   Conclusion

For the reasons above, this Court affirms the trial court's order terminating Mother's parental rights and dismisses her ineffective-assistance-of-counsel claim.

AFFIRMED; DISMISSED.


Judges ZACHARY and CARPENTER concur.

Report per Rule 30(e).